### EDMUND F. DIXIE *vs.* CHENERY ABBOTT.

The defendant, in an action to recover the price of wines and spirituous liquor sold to him by the plaintiff, may prove, under the general issue, without any specification of defence, that the plaintiff was not licensed, according to law, to sell the same.

So, in an action of the indorsee against the maker of a promissory note, the defendant may prove, under the general issue, without any specification of defence, that the note was indorsed to the plaintiff when it was overdue, and that it was given to the payee in payment of goods bought of him by the defendant, for the purpose, known to the payee, of being carried about from place to place and exposed to sale, contrary to the provisions of *St.* 1846, *c.* 244.

THIS was an action of assumpsit on an account annexed to the writ, most of the items of which, as appeared by the report of an auditor, to whom the case had been referred, consisted of charges for wines and spirituous liquors, sold by the plaintiff to the defendant, in less quantities than fifteen gallons, between July, 1838, and February, 1840.

The defendant pleaded the general issue, but did not file any specification of defence. At the trial in the court of common pleas the defendant objected to the plaintiff's right to recover for these items, on the ground that the plaintiff was not licensed to make the sales; and offered evidence to show that the plaintiff was not so licensed. But the judge rejected the evidence, because the defendant had not filed any specification of defence, giving notice of his intention to rely upon such a ground of defence, or that the sales were made within the commonwealth. And a verdict being rendered for the plaintiff, the defendant alleged exceptions.

*E. Washburn,* for the defendant, was stopped by the court.

*J. H. Mathews,* for the plaintiff.

METCALF, J. The case of *Hulet* v. *Stratton,* 5 Cush. 539, is decisive of this. It was there held, on much consideration, that when the defence to an action on contract is, that the contract is void for illegality, such defence is not within the 39th rule of the court of common pleas, which requires a specification of "matter of discharge or avoidance of the action." We have since examined the English decisions,

*Dixie v. Abbott.*

made under the new rules of pleading established in 1834. One of those rules is in these words: "In every species of assumpsit, all matters in confession and avoidance, including not only those by way of discharge, but those which show the transaction to be either void or voidable in point of law, on the ground of fraud or otherwise, shall be specially pleaded" Another of those rules requires that all matters in confession and avoidance shall be specially pleaded, in actions of debt on simple contract, as directed in actions of assumpsit. Under these rules, a defence, like that on which the present defendant relies, must be pleaded specially; not because it is a matter of discharge or avoidance, but because, by the express terms of the rule, it is included among the matters which are required, in addition to matters of discharge, to be so pleaded. But it is decided that matters, not enumerated in the rule, which show that there never was a debt before action brought, need not be pleaded, but may be given in evidence under the general issue. Thus, in *Broomfield* v. *Smith*, 1 Mees. & Welsb. 542, and Tyrw. & Gr. 929, in an action of debt for goods sold and delivered, the defendant was permitted, under the general issue, to show that the goods were sold on a credit which had not expired when the action was brought. It was insisted for the plaintiff, that this was matter in avoidance of the action, which the new rules required to be pleaded specially. But Mr. Baron Alderson said: "How does this evidence confess and avoid the debt? It denies that there ever was a debt before action brought. There is no debt till the credit has expired. Avoiding is admitting the cause of action, and afterwards avoiding it." See 1 Archb. N. P. (2d ed.) 144, 233, 300 : 1 Saund. Pl. & Ev. (2d ed.) 226 – 228.

*New trial ordered.*

---

NOTE. In the case of *Benoni W. Robinson* v. *Aze. Howard*, Middlesex, October term, 1851, which was an action by the indorsee of a note against the maker, the defendant pleaded the general issue, but did not file any specification of defence. It was decided that the defendant might prove that

the note was indorsed to the plaintiff, when it was overdue, and that it was given to the payee in payment for goods bought of him by the defendant, for the purpose of being carried about from place to place and exposed for sale by the defendant, contrary to the provisions of *St.* 1846, *c.* 244, entitled "an act concerning hawkers and pedlars;" the defendant not being licensed so to do, and the payee knowing, when he sold the goods, the purpose for which the defendant bought them.

*D. S. & W. A. Richardson*, for the plaintiff.

*B. F. Butler*, for the defendant.